## IN THE OREGON TAX COURT

## UNION PACIFIC RAILROAD COMPANY
*v.*
## DEPARTMENT OF REVENUE
(TC 1279 and 1361)

John B. DesCamp, Jr., and Charles P. Starkey, Weiss, Derr & DesCamp, Portland, represented plaintiff.

Alfred B. Thomas and G. F. Bartz, Assistant Attorneys General, Department of Justice, Salem, represented defendant.

Decision for plaintiff rendered March 3, 1982.

**CARLISLE B. ROBERTS, Judge.**

Pursuant to ORS 308.505 et seq. (relating to the assessment of designated utilities and railway companies by the Oregon Department of Revenue), the Utility Section of

the Assessment and Appraisal Division, Oregon Department of Revenue, assessed the true cash value of the real and personal property of the Union Pacific Railroad Company as of January 1, 1978 (Tax Court No. 1279) and January 1, 1979 (Tax Court No. 1361). The Director of the Department of Revenue reviewed the work of the Utility Section and reduced the system value allocated to Oregon for the assessment year 1978 to $176,145,000 (Order A&AU 78-36) and for 1979 to $182,500,000 (Order A&AU 79-31). The plaintiff appealed these assessments to this court, pursuant to ORS 305.560, seeking to reduce the assessments in each year. The cases were consolidated for trial purposes in this court.

There was no dispute between the parties as to the unit of property, both within and without the State of Oregon, as described in ORS 308.555 (subject to a proper allocation to the State of Oregon for tax purposes of that property deemed to be within the state). The rail transportation properties of plaintiff, including terminals within its system, are located in California, Colorado, Idaho, Iowa, Kansas, Missouri, Montana, Nebraska, Nevada, Oregon, Utah, Washington and Wyoming.

In Oregon, the plaintiff (designated UPR) operates rail lines running east from Portland to The Dalles, Pendleton, La Grande, Baker, and Ontario. Also, the UPR owns part of a central Oregon line (the Deschutes Railroad Company) running from the Columbia River south to Bend, Oregon. From Portland north to the state boundary, UPR operates in part over track owned by the Burlington Northern, Inc., which has granted UPR trackage rights. By means of branch lines, UPR serves Condon, Heppner, Pilot Rock, Milton-Freewater, Athena, Enterprise, Joseph, Vale, Bend, Burns and Adrian. Major railroad car storage and handling yards and business and freight offices are found at Portland, Hinkle, Pendleton, La Grande, Baker, Huntington, Ontario and Burns and business offices are also to be found in Eugene and Medford. A portion of UPR's interstate private microwave telephone communication system, consisting of transmitting, receiving and tower facilities, is located in Oregon.

UPR is one of four principal subsidiary operating companies owned and controlled by Union Pacific Corporation, a holding company (the other principal subsidiaries

being Champlin Petroleum Company, Rocky Mountain Energy Company and Upland Industries Corporation). UPR is generally regarded as one of the most efficient and best maintained railroads in the United States, throughout its 9,700 mile transportation system.

UPR is a Class I railroad and a common carrier, subject to the Interstate Commerce Act, 49 USCA § 1(1)(a). As such, it is obligated to furnish railroad transportation upon reasonable request therefor (49 USCA § 1(4)); to construct, maintain and operate switch connections with railroad branch lines or private sidetracks (49 USCA § 1(9)); to furnish safe and adequate car service (49 USCA § 1(11)); and to obey strictly and conform promptly to orders and directions of the Interstate Commerce Commission (49 USCA § 1(17)(a)).

■ ■  Plaintiff's principal appraisal witness, Arthur A. Schoenwald, D.B.A., and defendant's principal appraisal witness, Richard V. Green, gave careful consideration to each of the approaches to value regularly utilized in the appraisal of a railroad's operating property: the income (or capitalized earnings) approach, the stock and debt approach (in lieu of "sales") and the cost approach. Plaintiff utilized the income approach and the stock and debt approach (giving equal weight to each approach) and rejected the cost approach (chiefly because of the problem of obsolescence). Mr. Green utilized the income approach, giving it a 100 percent weight, and found good reasons for not using the cost approach and the stock and debt approach. After carefully correlating their respective data, the system values established by the two appraisers were:

|      | Plaintiff | Defendant |
|------|-----------|-----------|
| 1978 | $1,254,152,000 | $2,230,329,000 |
| 1979 | $1,228,429,000 | $2,421,392,000 |

Plaintiff's weighted allocation factor, used for determining the unit value which is legally allocable to Oregon for 1978, was 7.82 percent and for 1979 was 7.76 percent. After adding certain nonunitary property, plaintiff determined an Oregon value of $100,340,000 for 1978 and of $97,729,000 for 1979.

Defendant, for 1978, found a value for the UPR unit of $2,230,329,000 and utilized an Oregon allocation factor of

7.84 percent (the average of the past three years' allocation factors) for an Oregon value of $174,900,000, to which was added a capitalized income value in the sum of $2,334,000 (to reflect fully the value of certain rights-of-way and station grounds located in Oregon) for an adjusted allocated Oregon value of $177,234,000.

For 1979, defendant found a system value (or unit value) of $2,421,392,000 which, multiplied by an allocation factor rate of 8.05 percent, gave an allocated value of $194,900,000, to which was added the capitalized income value addition reflecting rights-of-way and station grounds located in Oregon (the income from which in part had been separately reported as ICC Account 501, Miscellaneous Rent Income) to give an adjusted allocated Oregon property value of $197,533,000.

■ The trial of these consolidated cases closely followed the pattern of the recent trial in the Oregon Tax Court of *Southern Pacific Transportation Company v. Department of Revenue, State of Oregon,* case Nos. 1093, 1189, 1282 and 1363 (for the assessment years 1976, 1977, 1978 and 1979). The Tax Court's opinion (qv) in these cases was handed down on February 22, 1982. The issues are substantially the same; the tax years included 1978 and 1979 in both trials; the principal appraisal witnesses (Arthur A. Schoenwald for plaintiff, Richard V. Green for defendant) are identical; the appraisal methods and reasoning, the testimony (except for numbers) and exhibits are closely parallel. The same defendant and defendant's counsel are involved. The issues described in *Burlington Northern v. Dept. of Rev.,* 291 Or 729, 635 P2d 347 (1981) (a decision circulated after the UPR cases were submitted to this court) are equally applicable. Accordingly, the court's reasoning and decision in the *Southern Pacific Transportation Company* suits in this court must be followed in Nos. 1279 and 1361. The court holds that plaintiff has carried its burden of proof by a preponderance of the evidence, subject to certain modifications, as follows:

(1) In the income approach to value, plaintiff must adjust the federal income tax deduction, reducing it to that portion of the deduction properly allocated to the established operating unit (system) value;

(2) Plaintiff must adjust the weight accorded the

stock and debt approach and the income approach, abandoning the equal weighting used; allowing, instead, a 33 percent weight to the stock and debt approach and a 67 percent weight to the income approach; and

(3) Plaintiff shall utilize the Department of Revenue's adjustment to system values for licensed vehicles (made necessary by Oregon's statute exempting such vehicles from Oregon property tax). (Doctor Schoenwald made no adjustment for this class of property, possibly regarding it as de minimis.)

The court will withhold its decree in order to permit the plaintiff to submit computations pursuant to the court's determination of the issues. The provisions of TC Rule 67 shall be followed. Plaintiff is awarded its statutory costs.